**Glenn D. FERREN, Plaintiff—Appellant,**

v.

**UNITED STATES DEPARTMENT OF THE INTERIOR; et al., Defendants—Appellees.**

No. 04–35870.

D.C. No. CV–01–00104–JDS.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Glenn D. Ferren, Superior, MT, pro se.

Lori Harper Suek, USBI—Office of the U.S. Attorney, Billings, MT, for Defendants–Appellees.

Before HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Glenn D. Ferren appeals pro se from the district court's summary judgment for his former employers, the United States Department of the Interior and the Bureau of Land Management ("BLM"), in his action alleging retaliation and discrimination on the basis of gender and age. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Vasquez v. County of Los Angeles,* 349 F.3d 634, 639 (9th Cir. 2003), and we affirm.

The district court did not err in granting defendants' motion for summary judgment because Ferren's claims were unsupported by any direct evidence that his former employer transferred him to a less desirable job location and then terminated him on the basis of his gender and age. *See id.* at 640. Ferren also failed to raise a genuine issue of material fact as to his retaliation claim, because his employers were not aware of his alleged "whistle-blowing" activities at the time he was transferred; thus he was unable to demonstrate the reasonable inference of causation necessary for a prima facie case of retaliation. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1065 (9th Cir.2002).

Even if Ferren had established a prima facie case of discrimination or retaliation, the defendants offered legitimate,

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

non-discriminatory reasons for transferring Ferren to another BLM office and subsequently terminating his employment. Because Ferren failed to introduce any direct or specific and substantial circumstantial evidence that those reasons were pretextual, the district court's grant of summary judgment for the defendants was proper. *See Vasquez,* 349 F.3d at 640 (discrimination); *Manatt v. Bank of America,* 339 F.3d 792, 801 (9th Cir.2003) (retaliation).

The district court also did not abuse its discretion in denying Ferren's motion to transfer venue, because Ferren failed to demonstrate that such a transfer was warranted under 28 U.S.C. § 1404. *See Jones v. GNC Franchising, Inc.,* 211 F.3d 495, 498–99 (9th Cir.2000).

Ferren's remaining contentions lack merit.

**AFFIRMED.**